■ In the Matter of the Accounting of ELEANOR G. TAYLOR et al., as Executrices of FLETCHER GOODWILL, Deceased Trustee, and of MARY C. DOW, as Surviving Trustee, and ELEANOR G. TAYLOR et al., Surviving Executrices of ALBERTA G. D. GOODWILL, Deceased Trustee, under the Will of CHARLES M. DOW, Deceased. HELEN D. LUNDQUIST et al., Appellants; MARY C. DOW, as Trustee, et al., Respondents.— Decree modified upon the law and facts in accordance with the memorandum and as modified affirmed, with costs to all parties filing briefs payable out of the estate. Certain findings of fact disapproved and reversed and new findings made. Memorandum: This is an accounting proceeding by the trustees of a testamentary trust created by the will of Charles M. Dow, deceased. Objections to the accounting were interposed by two groups of objectors, the so-called Dow objectors, being the children of Howard Dow, a deceased son of Charles M. Dow, deceased, and the so-called Goodwill objectors, being children of Fletcher Goodwill and Alberta G. Dow Goodwill, deceased, daughter of the testator, Charles M. Dow. The objections were heard at length before Surrogate's Court, Chautauqua County, which decided: "The objections were barred by the statute of limitations and by laches, and that the trustees were not negligent, did not act in bad faith, committed no breach of fiduciary duty, did not put his self-interest above that of beneficiaries and that the objections herein should be dismissed upon the

merits." The decree dismisses the objections, directs distribution, settles the accounts including the supplemental account and discharges the trustees. Each group of objectors appeals from the decree in part. A careful reading of the voluminous records, numerous exhibits and greatly over-extended and exhaustive briefs leads to the conclusion that the decree of the Surrogate dated September 16, 1955 should be affirmed insofar as it dismisses the objections upon the merits as to all the trustees. We do not, however, agree with the decree of the Surrogate wherein it provides that the objections interposed by the Dow objectors are barred by the Statute of Limitations and laches. To that extent the decree should be modified by striking from the fifth ordering paragraph thereof the words " and upon the grounds that the same are barred by the statute of limitations and laches ". All concur. (Appeals from parts of a decree of Chautauqua's Surrogate's Court dismissing the objections made by the Dow heirs to the Goodwill account, except for a small item of surcharge, and dismissing the objections by the Goodwill heirs to the Dow accounting in their entirety.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.